# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LUCILLE R. KELLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-3721 |
| | § | |
| HUMBLE INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## ORDER

This court dismissed Lucille R. Kelley's age-discrimination suit against her former employer, the Humble Independent School District ("HISD"). Kelley has now moved for reconsideration. She argues that HISD wrongfully urged the application of the *Rooker–Feldman* doctrine and did not timely provide her a copy of the motion to dismiss. (Docket Entry No. 9). Kelly moved on December 20, 2007 for an extension of time to file a response to the motion to dismiss. This court ruled on December 21, 2007, before Kelly's motion for extension had been received or considered. On December 27, 2007, Kelley filed a response to the defendant's motion to dismiss, (Docket Entry No. 8), and on January 16, 2008, filed a document entitled "request information on Civil Docket Case; 07-cv-3721 to be presented on docket." (Docket Entry No. 11). HISD has responded to Kelly's motion for reconsideration. (Docket Entry No. 10).

Although Kelly argued that she did not timely receive its motion to dismiss, HISD has presented evidence that it sent Kelley a copy of the motion to dismiss on November 27, 2007, by certified mail, return receipt requested, and that Kelley signed the receipt on or before December 3, 2007. HISD timely provided Kelley a copy of the motion to dismiss. This court grants Kelley's motion for extension of time to file a response to the motion to dismiss. Considering her response to the motion to dismiss does not, however, lead to a different result.

Kelley raises several arguments about the application of the *Rooker–Feldman* doctrine. Kelly also argues that *res judicata* does not apply because the state courts considering the same age discrimination claim she asserts here applied incorrect legal standards. As to limitations, Kelly argues that the 90-day deadline from the EEOC right-to-sue letter does not preclude this suit because she did not receive due process in the state courts and because the grant of summary judgment in the state court violated her right to a jury trial. Kelley asserts that because she has exhausted state-court remedies, she is now permitted to pursue a federal suit raising the same claims she unsuccessfully pursued in the state courts.

Kelley's arguments do not allow her to proceed in this federal suit. As Kelley acknowledges, in this federal case she asserts the identical age-discrimination claims arising from her 2003 termination as an HISD substitute teacher that she raised in the state courts. The state trial court granted summary judgment dismissing her claims. Kelly appealed, without success. The fact that she lost in the state courts under the state employment

discrimination statute does not permit her to begin again in the federal courts. Kelley's claim that the state courts erroneously applied state law does not provide a basis to proceed in this case, in the face of *res judicata* and the limitations bar. Kelley's claim that the state courts violated her constitutional right to a jury trial by granting summary judgment under the state rules of civil procedure does not state a claim for relief in this court. *See City of Houston v. Clear Creek Basin Auth.*, 489 S.W.2d 671, 678 n.5 (Tex. 1979) ("The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses."); *see also In re Peterson*, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined.").

Kelly's motion for extension of time is granted. Her motion for reconsideration is denied.

SIGNED on January 23, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge